IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DURRAN M. HYLAND, ) <br> for Family Hyland, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BANK OF AMERICA and ) <br> JEFF D'AMBROSIO CHEVROLET, ) <br> ) <br> Defendants. ) | Civ. Action No. 17-650-GMS |

**MEMORANDUM**

The plaintiff, Durran M. Hyland ("Hyland"), commenced this action on May 30, 2017. (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

I. **BACKGROUND**

While not clear, it appears Hyland, or a family member, traded in a 2011 Chevy Malibu and purchased a 2017 Chevy Impala from the defendant Jeff D'Ambrosio Chevrolet ("D'Ambrosio Chevrolet) on December 9, 2016. It appears that the defendant Bank of America ("Bank of America") financed the purchase. Hyland alleges that he "endorsed the back of the contract with instruction to offset the payment" and, therefore, "the agreement became a negotiable instrument." (D.I. 2 at 4.) Hyland was told by individuals from Bank of America that the contract was under review. Hyland explained that "the endorsement on the back of the contract was written to offset or discharge as a full settlement of all debts and loans." (*Id.* at 5.)

Hyland alleges that Bank of America put the 2017 Chevy Impala contract under review and towed it from his residence during the week of April 14, 2017 despite his explanation of the issue. (*Id.* at 4, 6.) Hyland alleges that Bank of America sent him a notice that, as of April 28, 2017, it planned to sell the property. As a courtesy, Hyland sent a demand draft instrument in the sum of $41,319.63. He was told that it was also under review and that Bank of American was checking the validity of the document.

The complaint indicates that the basis for this court's jurisdiction is "Article 1, the Legislative Branch, Section 10 Powers Prohibited of States." (D.I. 2 at 3.) The civil cover sheet indicates that the claims arise under 12 U.S.C. § 1813(l). Hyland seeks return of the 2017 Chevy Impala and the demand draft both of which he values at $81,011.15.[1] Since the filing of the complaint, Hyland has filed a motion for an order to show cause and a motion for default judgment as to Bank of America. (D.I. 4, 8.)

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Hyland

---

[1] There does not appear to be diversity of citizenship given Bank of America's corporate presence in Delaware.

proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Hyland leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

3

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. Non-Attorney

While not clear, it appears that Hyland raises claims on his behalf, as well as on the behalf of the Hyland Family. As a non-attorney, Hyland may not act as an attorney for other individuals and may only may only represent himself in this court. 28 U.S.C. § 1654; *see also Osei-Afriye v. The Medical Coll. of Pennsylvania*, 937 F.2d 876 (3d Cir. 1991) (non-lawyer appearing *pro se* may not act as attorney for his children). Accordingly, the court does not consider any claims that Hyland attempts to raise on behalf of the Hyland Family. Individual family members may either retain counsel to represent them or appear pro se. Hyland may not represent them.

## B. Deficient Pleading

As pled, the court is unable to discern the legal basis for Hyland's claims. Given that the civil cover sheet refers to 12 U.S.C. § 1813(l), the court presumes this is the statute Hyland relies upon. The complaint makes no mention of any other statute. Section 1813(l), a provision of the Federal Deposit Insurance Act, however, merely provides the definition for the term "deposit."

Also, it is not clear if Hyland attempts to raise a breach of contract claim, some sort of negotiable instrument claim, an unlawful seizure claim, or something else. Moreover, since it appears that the 2017 Chevy Impala may have been repossessed, it is unknown if there is a case pending in State court regarding the apparent repossession and/or seeking return of the vehicle. For these reasons, the court will dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Since it appears plausible that Hyland may be able to articulate a claim, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (unpublished) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## C. Pending Motions

Hyland has filed a motion for an order to show cause and motion for default judgment against Bank of America. (D.I. 4, 8.) To date, Hyland has not raised cognizable claims and no defendants have been served. Both motions are premature and, therefore, they will be denied.

## IV. CONCLUSION

For the above reasons, the court will: (1) deny as moot the plaintiff's pending motions

5

(D.I. 4, 8); (2) dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and (3) give the plaintiff leave to amend.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

\_\_\_Oct 25\_\_\_, 2017
Wilmington, Delaware